**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>MNAP MEDICAL SOLUTIONS, INC.<br>401(K) P/S PLAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**COMPLAINT**

Martin J. Walsh, Secretary of Labor, United States Department of Labor, hereby alleges:

**Jurisdiction and Venue**

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action under Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The MNAP Medical Solutions, Inc. 401(K) P/S Plan ("Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), that offers retirement benefits to its participants, who were employees of MNAP Medical Solutions, Inc. ("Company"). As such, the Plan is subject to the coverage of the Act, under Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

4. The Plan was administered in Philadelphia, Pennsylvania. Venue with respect to this action therefore lies in the Eastern District of Pennsylvania under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**The Parties**

5. Under 29 U.S.C. § 1132(a)(2) and (5), the Secretary has the authority to enforce Title I of ERISA by filing civil actions to obtain remedies for violations of the statute.

6. The Plan was established on January 1, 2007.

**Factual Allegations**

7. The Company was the Plan Sponsor and Plan Administrator but ceased operations in or about 2018. Sergiy Shkuro was the Company's President and was the Plan's designated agent for service.

8. Neither the Company nor Shkuro, as Company President, ensured the Plan's assets were distributed to participants or the Plan was terminated after the Company ceased operations in or about 2018.

9. The Secretary obtained copies of an Adoption Agreement and a June 9, 2017 Summary Plan Description that identify a Jacob G. Bogatin as the Plan Trustee. The Adoption Agreement, however, is unsigned, and neither Bogatin nor any other person purporting to be a Trustee has taken any action in relation to the Plan since 2018.

10. There have been no contributions to or distributions from the Plan since approximately 2018.

11. Plan Administrators, Inc. ("PAI") holds an account registered in the name of the Plan with eight Plan participant accounts. As of December 2021, the participant accounts had balances totaling approximately $228,030.95. PAI was the most recent Third-Party Administrator for the Plan. On or about December 19, 2017, PAI resigned from administrative services for the Plan because of the Plan's failure to pay outstanding fees and provide

outstanding year end work. PAI does not serve in the capacity of a Plan fiduciary or a custodian of the Plan's assets.

12. From at least September 2018, no individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute the Plan's assets to the Plan's remaining eight participants, and there is no fiduciary actively functioning on behalf of the Plan.

13. The Plan has been abandoned, and without a duly appointed Trustee or other fiduciary of the Plan to instruct PAI to liquidate the Plan assets and transfer them to an asset custodian, the Plan's participants are unable to obtain distributions of funds from the Plan.

14. PAI has assured the Secretary that it will cooperate with a court-appointed independent fiduciary to facilitate the distribution of the Plans' assets.

**Violation**

15. Section 402(a)(1) of ERISA, 29 U.S.C. § 1102(a)(1), requires that an employee benefit plan be maintained pursuant to a written instrument, and that said instrument provide for one or more named fiduciaries who have authority to control and manage the operation and administration of the Plan.

16. Section 403(a) of ERISA, 29 U.S.C. § 1103(a), requires that the assets of an employee benefit plan be held in trust by a trustee.

17. By the conduct and circumstances described in paragraphs 8-13, the Plan exists without a named fiduciary and without its assets being held in trust by a trustee, in violation of ERISA §§ 402 and 403, 29 U.S.C. §§ 1102 and 1103.

**Prayer for Relief**

WHEREFORE, pursuant to his authority to seek appropriate equitable relief to redress violations of ERISA under ERISA §§ 502(a)(2) and (5) and 409, 29 U.S.C. §§ 1132(a)(2) and (5) and 1109, the Secretary requests that this Court enter an Order:

A. Appointing an independent trustee and fiduciary to administer the Plan and

distribute the Plan's assets to its participants and beneficiaries; and

B. Ordering such further relief as is appropriate and just.

Respectfully submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/Erik S. Unger*___________
Erik S. Unger
Trial Attorney
PA #323903

Attorneys for Plaintiff
U.S. Department of Labor

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street, Mailstop SOL/22
Philadelphia, PA 19103-2968
(215) 861-5121 (main voice)
(215) 861-5140 (direct dial)
(202) 693-9392 (fax)
Unger.Erik.S@dol.gov
Zzsol-phi-docket@dol.gov

May 24, 2022