**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>MNAP MEDICAL SOLUTIONS, INC.<br>401(k) P/S PLAN,<br><br>Defendant. | ) | Civil Action No. 2:22-cv-2025-ER |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), has moved for default judgment against Defendant MNAP Medical Solutions, Inc. 401(k) P/S Plan (the "Defendant" or "Plan"). The sponsor of the Plan, MNAP Medical Solutions, Inc. (the "Company") is a Pennsylvania corporation and ceased all operations in 2018. Defendant has failed to appear, plead, or otherwise defend this action as is required by Fed. R. Civ. P. 12(a)(1)(A)(i). As a result of its failure to defend this claim, the Plan is in default. The Secretary requests the Court grant the relief detailed in the proposed order accompanying this memorandum of law to remedy the Plan's violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## I. FACTUAL BACKGROUND

### A. MNAP Medical Solutions Inc. 401(k) P/S Plan

MNAP Medical Solutions, Inc. (the "Company") is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. ECF No. 1 at ¶¶ 3, 7. The Company ceased operations in or about 2018. ECF No. 1 at ¶¶ 3, 7. Prior to ceasing operation, on January

1, 2007, the Company established the MNAP Medical Solutions, Inc. 401(k) P/S Plan ("Plan"). ECF No. 1 at ¶ 6. The Company was the Plan Sponsor and Plan Administrator. ECF No. 1 at ¶ 7. Sergiy Shkuro was the Company's President and was the Plan's designated agent for service. ECF No. 1 at ¶ 7. The Plan was funded through contributions to the Plan by employees and the Company and those contribution are assets within the meaning of ERISA. ECF No. 1; George Declaration at ¶ 7.

When the Company ceased operations in 2018, neither the Company nor Shkuro, as Company President, ensured the Plan's assets were distributed to participants or that the Plan was terminated. ECF No. 1 at ¶ 14; George Declaration at ¶ 11. A copy of the Plan's Adoption Agreement and a June 9, 2017 Summary Plan Description identify the individual Jacob G. Bogatin as the Plan Trustee. ECF No. 1 at ¶ 9; George Declaration at ¶ 12. The Adoption Agreement, however, is unsigned, and neither Bogatin nor any other person purporting to be a Trustee has acted in relation to the Plan since 2018. ECF No. 1 at ¶ 9; George Declaration at ¶ 17. There have been no contributions to or distributions from the Plan since approximately 2018. ECF No. 1 at ¶ 10; George Declaration at ¶ 14.

Plan Administrators, Inc. ("PAI") holds an account registered in the name of the Plan with eight Plan participant accounts. ECF No. 1 at ¶ 11; George Declaration at ¶ 15. As of December 2021, the participant accounts had balances totaling approximately $228,030.95. ECF No. 1 at ¶ 11; George Declaration at ¶ 15. PAI was the most recent Third-Party Administrator for the Plan. ECF No. 1 at ¶ 11; George Declaration at ¶ 15.

On or about December 19, 2017, PAI resigned from administrative services for the Plan because of the Plan's failure to pay outstanding fees and provide outstanding year end work. ECF No. 1 at ¶ 11; George Declaration at ¶ 16. PAI does not serve in the capacity of a Plan

fiduciary or a custodian of the Plan's assets. ECF No. 1 at ¶ 11; George Declaration at ¶ 16. From at least September 2018, no individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute the Plan's assets to the Plan's remaining eight participants, and there is no fiduciary actively functioning on behalf of the Plan. ECF No. 1 at ¶ 12; George Declaration at ¶¶ 15-20. The Plan has been abandoned, and without a duly appointed Trustee or other fiduciary of the Plan to instruct PAI to liquidate the Plan assets and transfer them to an asset custodian, the Plan's participants are unable to obtain distributions of funds from the Plan. ECF No. 1 at ¶ 13; George Declaration at ¶ 17. PAI has assured the Secretary that it will cooperate with a court-appointed independent fiduciary to facilitate the distribution of the Plans' assets. ECF No. 1 at ¶ 14; George Declaration at ¶ 19.

**B. Proposed Independent Fiduciary**

The Employee Benefits Security Administration ("EBSA") Investigator handling this matter investigated the services of an independent fiduciary to recover assets belonging to the Plan. See, George Declaration at ¶ 1-28. The EBSA Investigator ascertained that AMI Benefit Plan Administrators, Inc. ("AMI") is an Ohio corporation, with a principal business located at 100 Terra Bella Drive, Youngstown, Ohio 44505, that is in the business of serving as an independent fiduciary for abandoned plans. George Declaration at ¶¶ 21-28. The EBSA Investigator contacted AMI regarding AMI's ability to serve as an independent fiduciary for the Plan. George Declaration at ¶¶ 21-28. AMI communicated to the EBSA Investigator that it is willing and able to serve as court appointed independent fiduciary for the Plan. George Declaration at ¶¶ 21-28. The EBSA Investigator further recommends to the Court that it appoint AMI as independent fiduciary to the Plan. George Declaration at ¶¶ 21-28.

### C. Relevant Procedural History

On May 24, 2022, the Secretary filed a Complaint against Defendant MNAP Medical Solutions, Inc. 401(k) Plan. ECF No. 1. On August 21, 2022, copies of the summonses, complaint, and waiver of service was served by electronic mail on Defendant's designated agent, Sergiy Shkuro. See, ECF No. 6. On August 24, 2022, the Secretary filed with the Court a waiver of service form signed by Defendant's designated agent. ECF No. 6. Defendant was required to file an answer and/or other responsive pleading to the Complaint by October 20, 2022. ECF No. 6. On October 25, 2022, the Secretary filed a Request for Entry of Default because Defendants had not filed an answer and/or other responsive pleading. See, ECF No. 7. On that same day, the Clerk entered a default against Defendant. See, Court Docket.

## II. LEGAL ARGUMENT

### *A. Standard for default judgment.*

Motions for default judgment are decided pursuant to Fed. R. Civ. P. 55. Plaintiffs must first request the entry of default under Fed. R. Civ. P. 55(a) and then a default judgment under Fed. R. Civ. P. 55(b). *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2007)). Here, the Clerk of the Court has already entered the default against Defendants. ECF No. 7.

The Secretary now moves the Court pursuant to Fed. R. Civ. P. 55(b)(2) for a default judgment. In deciding a motion for default judgment, a court should accept all well pleaded factual allegations in the complaint, as to liability, as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Although it need not accept the moving party's factual allegations related to the amount of damages, the court may rely on affidavits to determine the appropriate sum of damages. *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545,

552 (E.D. Pa. 2009) (citations omitted). The Secretary has pled sufficient facts to establish the liability of Defendant and has supported claims for damages with the Declaration of Investigator Bindu George. Therefore, the Secretary is entitled to a default judgment in this case.

*B. This Court has jurisdiction over the Secretary's claims.*

This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). See, ECF No. 1. The Secretary's Complaint seeks relief pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA. ECF No. 1 at ¶ 1. The Secretary, pursuant to Section 502(a)(2) and (5) of the Act, 29 U.S.C. § 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of actions to obtain remedies for violations of the statute under 29 U.S.C. §§ 1132(a)(2) and (5). ECF No. 1.

The Court has venue with respect to this action because the Plan was administered in Philadelphia, Pennsylvania. ECF No. 1 at ¶ 4. Accordingly, venue in this action properly lies in the Eastern District of Pennsylvania. ECF No. 1 at ¶ 4.

*C. Defendant was properly served.*

On August 21, 2022, copies of the summonses, complaint, and waiver of service were served by electronic mail on Defendant's designated agent, Sergiy Shkuro. See, ECF No. 6. On August 24, 2022, the Secretary filed with the Court a waiver of service form signed by Defendant's designated agent. ECF No. 6. Pursuant to Fed. R. Civ. P. 12(a), an answer or other responsive pleading to the complaint was due on October 20, 2022. ECF No. 6. No answer or

other responsive pleading to the complaint was filed. See, Court Docket. On October 21, 2022, the Secretary filed a request to enter default against the Defendants. ECF No. 7. The Clerk entered default against the Defendant on October 25, 2022. No ECF document associated. Defendant has failed to plead or otherwise defend in this action and its time to do so pursuant to Fed. R. Civ. P. 12(a)(1)(A) has expired. As a result, Plaintiff is entitled to Default Judgment against the Defendant for failure to plead or otherwise defend in this action.

*D. The Secretary has alleged facts establishing ERISA violations.*

Defendant is in violation of Section 402(a)(1) and 403(a) of ERISA, 29 U.S.C § 1102(a)(1) and § 1103(a). Section 402(a)(1) of ERISA, 29 U.S.C. § 1102(a)(1), requires that an employee benefit plan be maintained pursuant to a written instrument, and that said instrument provide for one or more named fiduciaries who have authority to control and manage the operation and administration of the plan. The Plan is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(3) which offers retirement benefits to employees of the Company. George Declaration at ¶ 6, ECF No. 1. EBSA obtained a copy of an Adoption Agreement and a June 9, 2017 Summary Plan Description that identify a Jacob G. Bogatin as the Plan Trustee. George Declaration at ¶ 12. The Adoption Agreement, however, is unsigned, and neither Bogatin nor any other person purporting to be a Trustee has taken any action in relation to the Plan since 2018. George Declaration at ¶ 12. Despite numerous subpoenas, interviews, and extensive searches, EBSA has been unable to locate any additional written instruments naming a fiduciary. George Declaration at ¶ 13. Therefore, the Plan is in violation of Section 402(a)(1) of ERISA, 29 U.S.C. § 1102(a)(1).

Section 403(a) of ERISA, 29 U.S.C § 1103(a), requires that the assets of an employee benefit plan be held in trust by a trustee. Since 2018, no individual or entity has claimed

responsibility for the Plan or to distribute the Plan's assets. ECF No. 1. Based on EBSA's significant investigation, there is no fiduciary actively functioning on behalf of the Plan. George Declaration at ¶ 17; ECF No. 1. Therefore, the Plan is in violation of Section 403(a) of ERISA, 29 U.S.C § 1103(a).

*E. The Secretary is entitled to the relief sought.*

ERISA authorizes the Secretary to bring actions to enjoin any act or practice which violates any provision of Title I of ERISA and to obtain further relief that may be appropriate to redress violations and enforce provisions of Title I of ERISA. 29 U.S.C. § 1132(a)(2) and (5). Appropriate relief includes the appointment of independent investment managers, administrators, or fiduciaries to carry out the proper administration and management of benefit plans. *See Pizzella v. Khim*, No. 1:18-cv-808, 2020 WL 10090732, at *9 (E.D. Va. Feb. 19, 2020) (appointing independent fiduciary after defendant employee benefit plan violated ERISA regulations); *Solis v. Global Systems Enterprises, Inc.,* No. 1:09-cv-01351, 2010 WL 3199735, at *5 (E.D. Va. July 19, 2010) (appointing independent fiduciary after defendant failed to appoint administrator following the company ceasing operations). The Secretary has demonstrated violations of Section 402(a)(1) and 403(a) of ERISA, 29 U.S.C. § 1102(a)(1) and § 1103(a), because Defendant has failed to appoint an administrator, trustee, or fiduciary.

Therefore, the Secretary requests that the Court appoint AMI Benefit Plan Administrators, Inc. ("AMI") of 100 Terra Bella Drive, Youngstown, Ohio 44505 (Phone: (800) 451-2865) as the independent fiduciary to the Plan. George Declaration at ¶¶ 21-28. As the Independent Fiduciary, AMI will act as the trustee, administer the Plan, and distribute the Plan's assets to its participants and beneficiaries. George Declaration at ¶¶ 21-28.

AMI will be compensated for the performance of its duties and costs incurred up to the amount of $2,435 in reasonable fees and expenses. George Declaration at ¶¶ 21-28. The amount may be paid from the Plan's assets. George Declaration at ¶¶ 21-28. The funds remaining in the Plan will be disbursed to the remaining Plan participants. George Declaration at ¶¶ 20-28.

*F. The Chamberlain factors weigh in favor of granting default judgment.*

Under *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), courts should consider three factors to determine whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *see also Ackourey v. Raja Fashions Bespoke Tailors*, No. 13-2315, 2014 WL 4473656, at *2 (E.D. Pa. Sept. 11, 2014) (applying *Chamberlain* factors). District courts have also analyzed factors such as: (1) jurisdiction both over the subject matter and parties; and (2) whether defendants have been properly served. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *Wilmington Savings Fund Soc., FSB v. Left Field Props*., *LLC*, No. 10 Civ. 4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).

Application of the Third Circuit's factors and additional factors that district courts have considered demonstrate that the Secretary is entitled to default judgment against Defendant. Under the first factor set forth by the Third Circuit in *Chamberlain*, the Secretary will be prejudiced in the absence of a default judgment because he will be prevented from establishing liability under ERISA by any other method and his efforts to enforce the Act will therefore be hindered. *Acosta v. DRF Hospitality Management, LLC,* 2019 WL 1590931 at *12 (E.D. N.Y. March 13, 2019) (finding Secretary of Labor was prejudiced because there was no "alternative

legal redress"); *Bibbs v. Sec. Atl. Mortg. Co.*, No. 10 Civ. 0346, 2012 WL 3113975, at *2 (E.D. Pa. Aug. 1, 2012) (finding "Plaintiff will suffer prejudice . . . because she will have no other way to vindicate her claims against [defendants]."); *Solis v. United Buffet, Inc.,* 2012 WL 669867 at *3 (N.D. Cal. Feb. 29, 2012) (employees on whose behalf the Secretary brings the action would be prejudiced if default not awarded since they would be deprived of compensation).

As to the second *Chamberlain* factor, there is no indication that Defendant has a litigable defense. Defendant was served and failed to respond to any deadlines. Because Defendant has not submitted any responsive pleadings, the Court can and should assume Defendant has no litigable defense. *Bibbs*, 2012 WL 3113975, at *2 (interpreting "the lack of any response from [defendants] to mean that they have no litigable defense to plaintiff's claims against them."); *Rose Containerline, Inc. v. Omega Shipping Co., Inc.*, No. 10 Civ. 4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (finding that defendant had no litigable defense available where defendant offered no defense, and the facts asserted in the complaint did not contain any information that would provide the basis of a meritorious defense).

There is no reasonable dispute that Defendant violated ERISA by failing to name a fiduciary and by failing to hold Plan assets in trust by a trustee, in violation of ERISA §§ 402 and 403, 29 U.S.C. §§ 1102 and 1103. Defendant has no litigable defense for its failure to comply with these provisions of ERISA.

Finally, sufficient evidence of culpable conduct exists to satisfy the third factor under *Chamberlain*. Defendant has failed to enter an appearance, move, plead, or otherwise defend against the claims alleged in this action. Defendant's inaction indicates culpable conduct. *Ackourey*, 2014 WL 4473656, at *2 (determining that the defendant's failure to plead, answer, or otherwise respond indicates culpable conduct and a lack of defense); *Bibbs*, 2012 WL 3113975,

at *2 ("defendants' failures to respond to the first amended complaint are due to culpable conduct, as the docket indicates they were properly served"); *Gross v. Stereo Component Sys., Inc.*, 700 F.3d 120, 123 (3d Cir. 1983) (defining culpable conduct as dilatory behavior that is willful or in bad faith).

Examining the additional factors that district courts have considered also supports a default judgment against Defendant. First, this Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and the court has jurisdiction over the parties based on the location of Defendant – Philadelphia, Pennsylvania. ECF No. 1 at ¶¶ 1-3. Second, service upon Defendant was proper. ECF Nos. 6, 7. Accordingly, entry of a default judgment against Defendant is appropriate.

## III. CONCLUSION

The Secretary respectfully requests that the Court enter the attached Proposed Order and grant its Motion for Default Judgment.

Respectfully submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Erik S. Unger*
By: Erik S. Unger
Trial Attorney
PA ID # 323903

Attorneys for Plaintiff

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-5140 (voice)
(215) 861-5162 (fax)

unger.erik.s@dol.gov

Date: November 29, 2022