**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>MNAP MEDICAL SOLUTIONS, INC.<br>401(k) P/S PLAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:22-cv-2025-ER |

**DECLARATION OF BINDU A. GEORGE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Bindu A. George, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Investigator with the Philadelphia Regional Office of the Employee Benefits Security Administration ("EBSA"), United Statement Department of Labor.

2. I was assigned to assist in an investigation of the MNAP Medical Solutions, Inc. 401(k) P/S Plan (the "Plan") to determine whether any violations of Title 1 of the Employee Retirement Security Act of 1974 (the "Act") had occurred or were about to occur.

3. Based on the investigation conducted by EBSA, the Plan is an employee benefit plan that offered retirement benefits to its participants, who were employees of MNAP Medical Solutions, Inc. ("Company").

4. Based on information obtained by EBSA, there is no Plan Trustee or Administrator.

5. Based on my investigation and information obtained by EBSA, the Company is the plan sponsor, as the term is defined at 29 U.S.C. § 1002(16)(B)(i) and Plan's administrator, as that term is defined as 29 U.S.C. § 1002(16)(A)(i).

6. The Plan is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1003(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

7. The Plan was funded through contributions to the Plan by employees and the Company. The contributions to the Plan were assets within the meaning of ERISA.

8. MNAP Medical Solutions, Inc. (the "Company") is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. The Company ceased operations in or about 2018.

9. The Company established the Plan on January 1, 2007.

10. Sergiy Shkuro was the Company's President and was the Plan's designated agent for service.

11. Neither the Company nor Shkuro, as Company President, ensured the Plan's assets were distributed to participants or the Plan was terminated after the Company ceased operations in or about 2018.

12. I obtained copies of an Adoption Agreement and a June 9, 2017 Summary Plan Description that identify a Jacob G. Bogatin as the Plan Trustee. The Adoption Agreement, however, is unsigned, and neither Bogatin nor any other person purporting to be a Trustee has taken any action in relation to the Plan since 2018.

13. Despite numerous subpoenas, interviews, and a diligent search, EBSA has been unable to locate any additional Plan documents.

14. There have been no contributions to or distributions from the Plan since approximately 2018.

15. Plan Administrators, Inc. ("PAI") holds an account registered in the name of the Plan with eight Plan participant accounts. As of December 2021, the participant accounts had balances totaling approximately $228,030.95. PAI was the most recent third-party administrator for the Plan.

16. On or about December 19, 2017, PAI resigned from performing administrative services for the Plan because of the Plan's failure to pay outstanding fees and provide outstanding year end work. PAI does not serve in the capacity of a Plan fiduciary or a custodian of the Plan's assets.

17. From at least September 2018, no individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute the Plan's assets to the Plan's remaining eight participants, and there is no fiduciary actively functioning on behalf of the Plan.

18. The Plan has been abandoned, and without a duly appointed Trustee or other fiduciary of the Plan to instruct PAI to liquidate the Plan assets and transfer them to an asset custodian, the Plan's participants are unable to obtain distributions of funds from the Plan.

19. I have communicated with PAI regarding the Plan, and PAI has represented to me that it will cooperate with a court-appointed independent fiduciary to facilitate the distribution of the Plan's assets.

20. Following is the listing of employees who participated in the Plan and an itemization of the amount of Plan assets owned by those employees that have not been transferred or distributed because the Plan has been abandoned:

| Employee | Account Balance |
|---|---|
| | |
| Brown, Jill A | $1,458.30 |
| Noory, Basir | $5,478.93 |
| Overchuck, Taras | $68,049.12 |
| Pinto, Marie F | $85,354.00 |
| Shkuro, Sergiy | $186.01 |
| Tait, Tara S | $41,313.73 |
| Tsatkin, Svitlana | $24,631.46 |
| Zebroski, Nicole | $1,559.40 |
| | |
| Total | $228,030.95 |

21. An independent fiduciary must be appointed to administer the Plan.

22. If an independent fiduciary is not appointed by the Court, participants and beneficiaries to the Plan will not be able to receive their respective distribution of Plan assets.

23. The Department of Labor has secured AMI Benefit Plan Administrators, Inc. ("AMI") of 100 Terra Bella Drive, Youngstown, Ohio 44505, to serve as the Independent Fiduciary to the Plan.

24. AMI specializes in Fiduciary Plan Administration services and has an extensive history assisting the Department of Labor with similar cases.

25. During the course of my investigation, I have contacted AMI regarding their ability to serve as an independent fiduciary for the Plan.

26. AMI has communicated to me that it is willing and able to serve as court appointed independent fiduciary for the Plan.

27. To compensate AMI for serving as the Independent Fiduciary, AMI will be compensated for the performance of its duties and costs incurred up to the amount of $2,435 in reasonable fees and expenses. The amount may be paid from the Plan's assets.

28. I would recommend to the Court that it appoint AMI as independent fiduciary to the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: November 28, 2022

Bindu A. George

Bindu A. George
Senior Investigator
U.S. Department of Labor
Employee Benefits Security Administration