IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, | : | CIVIL ACTION |
| | : | NO. 22-2025 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MNAP MEDICAL SOLUTIONS, INC., | : | |
| 401(K) P/S PLAN | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    JANUARY 5, 2023

## I.  INTRODUCTION

Plaintiff Martin J. Walsh, Secretary of Labor, brought this action against MNAP Medical Solutions, Inc. 401(k) P/S Plan for violations of the Employee Retirement Income Security Act of 1974 (ERISA). Defendant filed no answer in the case. A default was entered by the Clerk of Court on October 25, 2022. Plaintiff now moves for a default judgment. Plaintiff has shown that Defendant violated

Plaintiff seeks appointment of AMI Benefit Plan Administrators, Inc., as the Independent Fiduciary to the Plan, to administer all of the Plan's assets and take whatever further action with respect to the Plan as it deems necessary.

## II.   BACKGROUND

MNAP Medical Solutions, Inc. ("the Company"), is a company with a principal place of business in Philadelphia. In 2007, it established the Plan which is the Defendant in this case. Defendant was funded through contributions to the plan by employees of the Company, and those contributions are assets under ERISA.

The Company ceased operations in or about 2018. However, the neither the Company nor its president terminated the Plan or ensured that the assets of the Plan were distributed to the plan participants. Although Defendant's Adoption Agreement and a Summary Plan Description identify an individual named Jacob G. Bogatin as the Plan Trustee, Mr. Bogatin nor any other person acting as Trustee has taken any action with regard to plan administration since 2018, when the company ceased operations. Moreover, the Adoption Agreement was never signed by any representative of the Company.

## III. LEGAL STANDARD

Under Rule 55, a court may enter a default judgment upon application of a plaintiff where the plaintiff's claim is not for a sum certain or sum that can be made certain by computation. Fed. R. Civ. P. 55(b). The Court takes as true all allegations made in the complaint. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A.

2

Miller & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)

The Secretary of Labor has authority to bring a civil action against a purported violator of ERISA and may "enjoin any act or practice which violates any provision of [ERISA], or [] to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of [ERISA]." 29 U.S.C. § 1132(a)(2), (a)(5). The Court, in turn, has the power to remove a fiduciary who breaches their fiduciary obligations under ERISA, and appoint a new fiduciary. See Walsh v. Great Atl. Graphics, Inc., No. 21-3280, 2022 WL 4331205, at *4 (E.D. Pa. Sept. 19, 2022) (citing Perez v. Kwasny, No. 14-4286, 2016 WL 558721, at *3 (E.D. Pa. Feb. 9, 2016)).

**IV.  DISCUSSION**

Plaintiff has demonstrated that the Chamberlain factors weigh in favor of granting the motion for a default judgment.

First, Plaintiff would be prejudiced if default is denied. Where a defendant "has failed to respond to proper service or appear and has offered no indication of any intention to take

3

action that would delay, avoid, or remedy an entry of default judgment," then, if a plaintiff is denied a default judgment, a plaintiff "will likely be without other recourse for recovery. . . . [and] would be prejudiced by a denial of default judgment." Del. Valley Aesthetics, PLLC v. Doe 1, No. 20-0456, 2022 WL 17094740, at *8 (E.D. Pa. Nov. 21, 2022).

Second, although Defendant has not filed an answer, there is no indication that Defendant has a litigable defense. Plaintiff alleges that Defendant has violated 29 U.S.C. §§ 1102(a)(1) and 1103(a) (ERISA Sections 402(a)(1) and 403(a)) by failing to properly name a fiduciary to manage the Plan, and failing to ensure that the plan would be managed by such fiduciary. As a preliminary matter, Plaintiff argues that the Plan meets the statutory definition of "employee benefit plan" set forth in 29 U.S.C. § 1002(3) because the plan provides retirement benefits to its participants.

Under § 1102(a)(1), "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries . . . [with] authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). Under § 1103(a), "all assets of an employee benefit plan shall be held in trust by one or more trustees," unless certain exemptions apply. 29 U.S.C. § 1103.

4

Plaintiff alleges that § 1102(a)(1) has been violated because the Adoption Agreement concerning the Plan, despite designating a Jacob G. Bogatin as the Plan Trustee, was never signed, and "neither Bogatin nor any other person purporting to be a Trustee has taken any action in relation to the Plan since 2018." Pl.'s Mot. 6, ECF No. 9-1. Plaintiff further alleges that Defendant violated § 1103(a) because no trustee has claimed responsibility for the Plan or has made any attempt to administer the assets of the Plan since 2018. Id. at 6-7. The Court finds that these allegations support violations of §§ 1102(a)(1) and 1103(a).

Moreover, "[w]here a party completely fails to respond to the claims against it, this factor weighs in favor of granting default against the party." Bugg v. Just Wing It, LLC, No. 18-2399, 2020 WL 1675953, at *5 (M.D. Pa. Apr. 6, 2020); see also Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) ("[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense . . . .").

Third and finally, Defendant's delay appears culpable. Culpability requires something beyond negligence. Hill v. Williamsport Police Dept., 69 F. App'x 49, 52 (3d Cir. 2003). Culpability can be established by "flagrant bad faith." Emcaso Ins. Co. v. Sambrick, 834 F.2d 71, 75 (3d Cir. 1987) (quoting

<u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976)). Defendant appears to have attempted to avoid service of process in this case: following the initial filing of the complaint, the agent for service of process of the Plan, Sergiy Shkuro, tentatively agreed to sign a waiver of service but then declined to sign the waiver and stopped communicating with Plaintiff regarding service. Pl.'s Mot. to Extend Time 1, ECF No. 4-1. Further, Shkuro's physical whereabouts were not initially ascertainable for service of process as he was not residing at his last known addresses. <u>Id.</u> at 1-2. The Court then granted an extension of time to serve the Complaint, finding that Plaintiff had demonstrated good cause for the extension. Order, ECF No. 5. Defendant ultimately waived service on August 23, 2022, making Defendant's answer due on October 20, 2022. Waiver of Service, ECF No. 6.

Plaintiff sought entry of a default on October 21, 2022, as Defendant had not filed any responsive pleading. ECF No. 7. Pursuant to the Court's order of November 8, 2022, Plaintiff then filed a motion for default judgment on November 29, 2022. ECF No. 9. Defendant has still not entered an appearance in this case. Defendant has been on notice of this lawsuit since at least June 27, 2022, when Plaintiff made contact with Shkuro by telephone. <u>See</u> Pl.'s Mot. to Extend Time Ex. 1, at 1, ECF No. 4-2. That more than five and a half months have passed without any

6

action by Defendant suggests something more than mere negligence.

**V.   CONCLUSION**

Plaintiff has demonstrated that (1) Plaintiff, as well as the participants of the Plan, would be prejudiced if default is not granted; (2) Defendant has failed to present a litigable defense by failing to appear, answer, or otherwise contest the motion for default judgment; and (3) Defendant's delay appears culpable as Defendant has been on notice of the present action since at least late June of 2022. Accordingly, Plaintiff's Motion is granted and AMI Benefit Plan Administrators, Inc. is appointed as independent fiduciary to manage and distribute the Plan's assets. An appropriate order follows.